Dear Mr. Mardis:
We are in receipt of your request for an Attorney General's opinion based on the following factual information which you presented in your letter of December 11, 2003: The Library Board of Control has submitted to the Ouachita Parish Police Jury, as part of its proposed budget request for fiscal year 2004, a line item of $2,300,000.00 for salaries of non-administrative library employees. The amount includes total salary increases of $100,000.00 for the employees. In the process of reviewing and approving the library board's budget request, the police jury reduced the said line item by $100,000.00, reducing the total approved salary item to $2,200,000.00 and effectively denying the requested salary increases.
You have requested an Attorney General's opinion on whether the action of the police jury, in making the line-item reduction in the library control board's budget request, unlawfully interfered with the control board's authority to set its employees' salaries under La.-R.S. 25:215.
The Ouachita Parish Public Library was created by the Ouachita Parish Police Jury under the authority of and in accordance with the provisions of La.-R.S. 25:211, et seq. In creating the public library system, the police jury also created a library board of control under La.-R.S 25:214(B).
All library operations are funded by a dedicated 7.75-mill tax approved and implemented by a special election on November 18, 1995, and rededicated by special election held on April 21, 2003. The tax remains in effect through the year 2015, with all proceeds of the tax to be used to provide funds for equipment, supplies, maintenance, operation, construction, acquisition, improvement, renovation and support of the Ouachita Parish Library and its branches. Included in the "operation" of the library system are the salaries of its employees, which are paid from the proceeds of the tax.
Under La. Const. Art. 6, § 15, absent a home-rule charter, the police jury, as the governing authority of a parish, has been granted "general power over any agency created by it." As part of that general power, the police jury has general budgetary and fiscal control over the agencies created by it. A parish library board of control is not a separate political subdivision or legal entity, but is an agency of the parish, and, as such, is subject to the general budgetary and fiscal control of the police jury (Atty. Gen. Op. No. 83-765). Under the Local Government Budget Act, La.-R.S. 39:1301, et seq., all parish agencies, including library boards, must submit their annual budget requests to the police jury for review and approval, as part of a single, comprehensive parish budget.
The general power of a police jury to exercise budgetary and fiscal control over its agencies is explained and specified by La.- R.S. 33:1415(B), as follows:
 B. In any case where the governing authority of any parish or municipality shall have created or established, or shall hereafter create or establish, any board, commission, agency, district, office, government of any entity whatever, having governmental functions, power or authority, such governing authority is hereby authorized to provide appropriate budgetary and fiscal controls over said agency or entity. Budgetary and fiscal control shall include, but not be limited to, approval of operating budgets with the right to veto or reduce line-items. In addition, no such agency or entity shall exercise any power or authority to submit to the people any proposal to levy any tax or issue any bonds unless the proposal therefor first has been submitted to and been approved by the governing authority of the parish or municipality. The parish or municipality shall exercise such other budgetary and fiscal controls as are necessary and proper to ensure the maximum feasible coordination of government on the local level. [Emphasis supplied].
A reading of the above statute, out of context, would lead to the conclusion that a police jury would always have the right of line-item veto over the proposed budget of any parish agency, including that of a library board of control; however, a review of the statutes providing for establishment of parish libraries and their boards of control, La.-R.S.25:211, et seq., as well as La.-R.S. 33:1415 (C), leads to a different conclusion.
Under R.S. 25:215 (A), the powers and duties of a library board of control are as follows:
 The board of control shall meet and organize immediately after their appointment and annually thereafter and elect a president, vice-president, secretary, and treasurer, whose duties shall be those customarily exercised by such officers. The board of control shall have authority to establish rules and regulations for its own government and that of the library not inconsistent with law; to elect and employ a librarian, and, upon the recommendation and approval of the latter, to employ assistant librarians and other employees and fix their salaries and compensation; provided that no contract of employment shall be made for a longer period than four years nor with any person as head librarian who has not been certified by the State Board of Library Examiners as provided in R.S. 25:222. The head librarian may be appointed or elected secretary of the board of control. [Emphasis supplied].
The applicability of the provisions of La.-R.S. 33:1415 (B), supra, to library boards of control is subject to the specific limitations ofLa.-R.S. 33:1415 (C), as follows
 C. Where the provisions of this Part could be interpreted to conflict with the provisions of R.S. 25:211, et seq., relative to parish and municipal libraries and their boards, the provisions of R.S. 25:211
et seq. shall prevail.
Once the Ouachita Parish Public Library and its board of control were created by the Ouachita Parish Police Jury under the provisions of R.S.25:211, et seq., the board of control had, by statute, the sole and exclusive power and authority to employ a head librarian, to employ assistant librarians and other employees, and to fix their salaries and compensation. The attempt by the police jury to exercise control over the proposed budget of the library control board, by reducing or vetoing the line item for employee salaries, has created a conflict by interfering with the board's exclusive authority to hire library employees and to set their salaries and compensation. The conflict which has been created must, under R.S. 33:1415 (C), be resolved in favor of R.S. 25:215 (A), and not R.S. 33:1415 (B). Therefore, it is our opinion that the police jury cannot lawfully veto or reduce the line item set by the library board of control in its budget request for salaries for non-administrative library employees.
The proposed employee salary increases are, of course, subject to both reasonableness and the current and anticipated availability of sufficient revenues from the dedicated tax.
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Very truly yours, CHARLES C. FOTI ATTORNEY GENERAL
 BY: ____________________ TERRY F. HESSICK ASSISTANT ATTORNEY GENERAL
CCF/TFH; mjb